1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN JOSEPH LIGERI,

                Plaintiff(s),

    v.

NATALIE PARKER, et al.,

                Defendant(s).

CASE NO. C25-0829-KKE

ORDER TERMINATING MOTIONS

Plaintiff Benjamin Joseph Ligeri, representing himself, filed this action in May 2025 claiming that Defendants (employees of and lawyers representing Amazon.com, Inc.) presented false evidence to unfairly force him to arbitrate claims arising from the termination of certain third-party selling accounts. *See generally* Dkt. Nos. 1, 7. On June 23, 2025, the Court entered an order setting deadlines for the parties' conference in accordance with Federal Rule of Civil Procedure 26(f) (due July 14, 2025), the parties' exchange of initial disclosures (due July 28, 2025), and the joint status report (due August 4, 2025). Dkt. No. 15. On June 27, 2025, Ligeri filed a motion for partial summary judgment on his claim for fraud on the court, and that motion is scheduled to become ripe on July 29, 2025. Dkt. No. 17.

On July 18, 2025, Defendants filed a motion to stay discovery and the early case deadlines because they planned to file a motion for expedited dismissal. Dkt. No. 18. Defendants filed that motion to dismiss on July 18, 2025, and it is scheduled to become ripe on August 15, 2025. Dkt.

ORDER TERMINATING MOTIONS - 1

No. 19.  Ligeri filed a combined response (Dkt. No. 21) to his own partial summary judgment motion as well as to Defendants' motions to dismiss and to stay on July 27, 2025, and then later that same day filed an amended complaint.  Dkt. No. 23.  Ligeri's amended complaint is approximately three times longer than his original complaint and includes most of the same claims as the original complaint plus additional claims.  *Compare* Dkt. No. 7 *with* Dkt. No. 23.

Ligeri was entitled to amend his pleading in response to Defendants' motion to dismiss under Federal Rule of Civil Procedure 15(a)(1), but because his amended complaint is not substantially identical to the original complaint, it moots his motion for partial summary judgment as well as Defendants' motion to dismiss.  *See, e.g.*, *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023) ("The filing of an amended complaint generally moots a pending motion to dismiss unless the amended complaint is substantially identical to the original complaint.");  *Bennett v. Burton*, No. 2:21-cv-1340 WBS KJN P, 2022 WL 17584386, at *1 (E.D. Cal. Dec. 12, 2022) (finding that a plaintiff's filing of an amended complaint moots a pending motion for summary judgment).

Accordingly, the clerk is directed to TERMINATE the mooted motions (Dkt. Nos. 17, 19), which may be re-filed with respect to the amended complaint.  The other motions pending in this matter will be addressed after they are ripe.

Dated this 29th day of July, 2025.

Kymberly K. Evanson
United States District Judge

ORDER TERMINATING MOTIONS - 2