UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI, <br><br> Plaintiffs, <br><br> v. <br><br> NATALIE PARKER, et al., <br><br> Defendants. | CASE NO. C25-0829-KKE <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND VACATE EARLY CASE DEADLINES |

Plaintiff Benjamin Joseph Ligeri, representing himself, filed this action in May 2025 claiming that Defendants (employees of and lawyers representing Amazon.com, Inc.) presented false evidence to unfairly force him to arbitrate claims arising from the termination of certain third-party selling accounts. *See generally* Dkt. Nos. 1, 7. On June 23, 2025, the Court entered an order setting early case deadlines for the parties' conference in accordance with Federal Rule of Civil Procedure 26(f) (due July 14, 2025), the parties' exchange of initial disclosures (due July 28, 2025), and the joint status report (due August 4, 2025). Dkt. No. 15. Defendants subsequently filed a motion for expedited dismissal under Washington's Uniform Public Expression Protection Act along with a motion to stay discovery and vacate the early case deadlines, pending resolution of the motion to dismiss. Dkt. Nos. 18–19.

Although Ligeri's subsequent amendment of his complaint mooted Defendants' motion to dismiss, Defendants intend to re-file their motion to dismiss the amended complaint. *See* Dkt. No.

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND VACATE EARLY CASE
DEADLINES - 1

26 at 3. Thus, Defendants continue to request that the Court vacate the early case deadlines and stay discovery because they characterize this action as based on unfounded conspiracy theories and filed in order to abuse the legal system. *See id*. at 2. Defendants contend that staying discovery will conserve judicial resources and avoid any burden on Defendants to respond to retaliatory discovery requests while their forthcoming dispositive motion is pending. *Id*. at 2, 4.

Courts may enter protective orders to limit or prohibit discovery for good cause. *See* Fed. R. Civ. P. 26(c). Good cause for a protective order can include the filing of a dispositive motion, although that situation does not automatically require a discovery stay. *See Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 66–67 (D. Conn. 2010). When determining whether to stay discovery while a dispositive motion is pending, courts consider whether the defendant has "made a strong showing that the plaintiff's claim is unmeritorious; the breadth of discovery and the burden of responding to it; and the risk of unfair prejudice to the party opposing the stay." *Id*. at 67 (cleaned up).

As to the first consideration, the Court has reviewed Defendants' mooted motion to dismiss and finds that it presents multiple potential grounds for an expedited dismissal of Ligeri's claims as a strategic lawsuit against public participation. *See* Dkt. No. 19. Although that motion is now moot, the Court agrees with Defendants that the core of Ligeri's claims has not changed since he amended the complaint. *See* Dkt. No. 26 at 3. Thus, the Court finds that the first factor weighs in favor of a brief stay of discovery while Defendants' forthcoming motion to dismiss is pending.

As to the second consideration, Defendants have explained how they expect discovery in this case will be particularly burdensome because it will likely implicate issues of privilege. *See* Dkt. No. 18 at 13.

And as to the third consideration, no unfair harm will result from a brief stay. Although Ligeri filed an opposition to Defendants' motion to stay discovery, he did not identify any unfair

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND VACATE EARLY CASE DEADLINES - 2

prejudice that would result from a brief stay of discovery while the Court resolves Defendants' dispositive motion. Dkt. No. 21. Particularly because Ligeri has filed a motion for partial summary judgment (Dkt. No. 25), it appears that a brief stay of discovery would not prejudice Ligeri at this time.

On balance, the Court finds that the circumstances here warrant an exercise of discretion to stay discovery until Defendants' forthcoming motion to dismiss is resolved. *See Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979))).

Accordingly, the Court therefore GRANTS Defendants' motion to stay discovery and vacate the initial case deadlines. Dkt. No. 18. Discovery is stayed until resolution of Defendants' forthcoming dispositive motion, and the order setting early case deadlines (Dkt. No. 15) is VACATED.

Dated this 4th day of August, 2025.

Kymberly K. Evanson
United States District Judge