1

2

3

4

5

6                  UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
7                          AT SEATTLE

8   BENJAMIN JOSEPH LIGERI,              CASE NO. C25-0829-KKE

9                      Plaintiff(s),     ORDER GRANTING DEFENDANTS'
          v.                             MOTION TO DISMISS AND DENYING
10                                       PLAINTIFF'S MOTION FOR PARTIAL
    NATALIA PARKER, et al.,              SUMMARY JUDGMENT
11
                      Defendant(s).
12

13          Plaintiff Benjamin Joseph Ligeri, representing himself, filed this action against employees

14   and representatives of Defendant Amazon.com Inc. in May 2025, alleging they made false

15   statements during litigation in the United States District Court for the District of Connecticut that

16   amount to perjury, fraud, and ethical violations.  *See* Dkt. No. 1.  In the Connecticut case, *Benjamin*

     *Ligeri v. Amazon.com, Inc.*, No. 3:23-cv-00603-MPS (D. Conn.) (hereinafter "*Ligeri I*"), Ligeri
17
     (proceeding through counsel) brought claims against Amazon and Amazon-related entities after
18
     they deactivated his businesses' selling accounts.  *Ligeri I*, ECF No. 1.[1]  The *Ligeri I* court
19
     conducted a two-day bench trial and thereafter granted Amazon's motion to compel arbitration of
20
     some of the claims, while staying or dismissing other claims.  *See Ligeri I*, ECF Nos. 67–68, 79.[2]
21

22

23   _____

     [1] This order refers to briefing and pleadings using CM/ECF page numbers.
24
     [2] The Court takes judicial notice of filings and orders in other cases Ligeri has litigated.  *See Pimentel-Estrada v. Barr*,
     464 F. Supp. 3d 1225, 1230 (W.D. Wash. 2020).

     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR
     PARTIAL SUMMARY JUDGMENT - 1

Defendants filed a motion for expedited dismissal, arguing that this action attacks Defendants for conduct that is protected as litigation activity under Washington's anti-SLAPP[3] statute, the Uniform Public Expression Protection Act ("UPEPA").  Dkt. No. 29.  Defendants' motion also requests, in the alternative, dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Id*.  For the following reasons, the Court agrees with Defendants that Ligeri has failed to state valid claims.  Accordingly, the Court will grant Defendants' motion.

## I.    BACKGROUND

The facts giving rise to this action begin when Defendant John Magliery, outside counsel for Amazon, filed a motion to compel arbitration in *Ligeri I*.  Attached to the motion to compel was a declaration from Amazon paralegal Defendant Natalia Parker, describing a contract (containing an arbitration clause) that Amazon argued governed Ligeri's selling accounts and stating that Ligeri had affirmatively accepted the contract.  *Ligeri I*, ECF No. 24-2.  The *Ligeri I* court found that Parker's declaration was conclusory and contained hearsay, and that it was ultimately insufficient to allow the Court to grant Amazon's motion to compel.  *Id*., ECF No. 50 at 3–6.  The *Ligeri I* court thus found it necessary to conduct a bench trial to determine the existence and applicability of the arbitration agreement.  *Id*.  At the bench trial, Defendant Eric Smith, an Amazon employee, provided testimony connecting Ligeri to the contract containing the arbitration clause.  *See* Dkt. No. 30-5.

After the conclusion of that bench trial, the *Ligeri I* court granted Amazon's motion to compel arbitration of certain claims, and noted that it "makes no difference" whether, as Parker

---

[3] "SLAPP" refers to strategic lawsuit against public participation.  *See City of Seattle v. Egan*, 317 P.3d 568, 569 (Wash. Ct. App. 2014).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

stated in her declaration (*Ligeri I*, ECF No. 24-2 ¶ 4) and Ligeri denies, Ligeri affirmatively checked a box to acknowledge acceptance of the Amazon contract. *Ligeri I*, ECF No. 79 at 15. Ligeri appealed this order to the United States Court of Appeals for the Second Circuit, which summarily dismissed the appeal and denied Ligeri's motion for reconsideration of the dismissal. *Ligeri v. Amazon.com, Inc.*, No. 24-2337, 2025 WL 711544, at *1 (2d Cir. Feb. 13, 2025); Dkt. No. 30-9.

Ligeri (representing himself) then filed another action that was removed from state court to the District of Connecticut, bringing claims against Amazon arising from *Ligeri I* and claims similar to those brought there, arguing that Amazon unfairly forced him to arbitrate and used *Ligeri I* to retaliate against him for bringing its unfair business practices to light. *Ligeri v. Amazon.com, Inc.*, No. 25-cv-00224-MPS (D. Conn.) (*Ligeri II*). Amazon moved to consolidate *Ligeri II* with *Ligeri I* and again compel arbitration, and the court granted the motion on May 16, 2025. *Ligeri II*, ECF No. 21.

Ligeri filed this action on May 1, 2025, against Parker, Smith, and Magliery, bringing claims for perjury, false declaration, Rule 11 violation, fraud on the court, and conspiracy to defraud the court. Dkt. No. 1 at 5.[4] On June 23, 2025, the Court issued an order setting early case deadlines. Dkt. No. 15. Before any of those deadlines passed, Ligeri filed a motion for partial summary judgment on his claim for fraud on the court. Dkt. No. 17. Shortly thereafter, Defendants filed a special motion for expedited dismissal under UPEPA, and requested that the Court stay discovery and the early case deadlines while that motion is pending. Dkt. Nos. 18, 19.

Ligeri then filed the First Amended Complaint ("FAC"). Dkt. No. 23. The Court indicated

---

[4] In the days before and after the complaint was filed in this case, Ligeri also filed a number of other suits against Amazon in this district. *See Ligeri v. Amazon.com Inc.*, No. 2:25-cv-00860-JHC (W.D. Wash. May 6, 2025); *Ligeri v. Amazon.com Servs. LLC*, No. 2:25-cv-00796-JHC (W.D. Wash. Apr. 28, 2025); *Ligeri v. Amazon.com Servs. LLC*, No. 2:25-cv-00764-JHC (W.D. Wash. Apr. 25, 2025).

that the filing of the FAC mooted both Ligeri's partial summary judgment motion and Defendants' motion to dismiss, and granted Defendants' motion to stay discovery and the early case deadlines until Defendants' forthcoming renewed dismissal motion was resolved.  Dkt. Nos. 24, 27.  The FAC states that Parker's declaration is false, and was corroborated by Smith's false testimony in the *Ligeri I* bench trial.  Dkt. No. 23 at 5–8.  The FAC brings claims for perjury, fraud on the court, abuse of process, civil conspiracy to tortiously interfere with Ligeri's business and obstruct justice, ongoing pattern of litigation abuse, defamation, and intentional infliction of emotional distress.  *Id.* at 12–18.  The Defendants in this action are Amazon and its employees and lawyers who participated in *Ligeri I*, the arbitration compelled in *Ligeri I* and *Ligeri II*, and this case.  *See id.* at 4–5.  Ligeri also filed a motion for partial summary judgment, requesting that the Court rule as a matter of law that the Parker declaration is false.  Dkt. No. 25.

Before Defendants renewed their motion to dismiss the FAC, Ligeri filed a second amended complaint, which retains essentially the same claims as the FAC, albeit against different Defendants.  *Compare* Dkt. No. 23 *with* Dkt. No. 28.  Defendants then filed their motion for expedited dismissal, or dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) in the alternative, on August 11, 2025.  Dkt. No. 29.[5]  The motion is now ripe for resolution.[6]

//

//

//

---

[5] The motion also contains Defendants' opposition to Ligeri's motion for partial summary judgment.

[6] Ligeri filed a reply to Defendants' motion to dismiss, as well as a surreply, and then filed a motion to vacate the surreply and replace it with an amended surreply.  Dkt. Nos. 34, 35, 36.  The Court considered all the versions of Ligeri's reply and surreply, and thus will grant his motion to vacate to the extent it requests that the original surreply be replaced by the amended surreply.  But to the extent that Ligeri's most recent surreply requested oral argument on the motion (Dkt. No. 36 at 3), the Court denies the request, finding the motion suitable for disposition on the basis of the briefing and record.  And to the extent Ligeri's surreply requests that the Court confirm that his SAC is the operative complaint, the Court denies this relief, as explained herein.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

## II.    ANALYSIS

### A.    The FAC is the Operative Complaint.

A plaintiff may amend the complaint once as a matter of course in response to a motion to dismiss, or thereafter with leave of court or with written consent from the opposing party. *See* Fed. R. Civ. P. 15(a)(1)–(2).

As noted by Defendants, by the time Ligeri filed the Second Amended Complaint, he had already amended his complaint once in response to Defendants' first motion to dismiss, and did not seek leave from the Court or consent from Defendants to amend again. Dkt. No. 29 at 7 n.1. Accordingly, the Court strikes the second amended complaint and considers the FAC to be the operative complaint in this case. *See, e.g.*, *Hewitt v. Wells Fargo Bank*, No. 3:22-cv-05729-DGE, 2022 WL 17144728, at *1, 4 (W.D. Wash. Nov. 22, 2022).

### B.    The FAC Fails to State a Valid Claim.

"[T]he Washington legislature enacted UPEPA 'to provide an expedited process for dismissing lawsuits that target activities protected by the First Amendment, such as freedom of speech, press, assembly, petition, and association on matters of public concern.'" *Valve Corp. v. Bucher Law PLLC*, 571 P.3d 312, 317 (Wash. Ct. App. 2025) (quoting *M.G. v. Bainbridge Island Sch. Dist. #303*, 566 P.3d 132, 145 (Wash. 2025)). "The 'right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition.'" *Id*. at 318 (quoting *Mothershed v. Justs. of Sup. Ct.*, 410 F.3d 602, 611 (9th Cir. 2005)).

Although UPEPA is a creature of Washington law, it can nonetheless be applied by federal courts. *See, e.g.*, *Project Veritas v. Leland Stanford Jr. Univ.*, C21-1326 TSZ, 2022 WL 1555047, at *3–4 (W.D. Wash. May 17, 2022). But "when an anti-SLAPP motion to strike challenges [] the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Al-Albustani v. Alger*, No.

C22-5238JLR, 2022 WL 3213331, at *3 (W.D. Wash. Aug. 9, 2022) (quoting *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018)).   In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, assuming the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Under UPEPA, a defendant "may file a special motion for expedited relief to dismiss the cause of action" within 60 days after it is served with a complaint asserting a cause of action covered by UPEPA. WASH. REV. CODE § 4.105.020(2).  A court "shall dismiss with prejudice a cause of action" if (1) the defendant "establishes under WASH. REV. CODE § 4.105.010(2)" that UPEPA applies; (2) the plaintiff "fails to establish under WASH REV. CODE § 4.105.010(3)" that UPEPA does not apply; and (3) the plaintiff "fails to establish a prima facie case as to each essential element of the cause of action" or "failed to state a cause of action upon which relief can be granted" or "[t]here is no genuine issue as to any material fact and the [defendant] is entitled to judgment as a matter of law[.]" WASH. REV. CODE § 4.105.060(1).

For the following reasons, the Court finds that the requirements for dismissal of Ligeri's claims under UPEPA and/or Rule 12(b)(6) are satisfied here.

*1.  UPEPA Applies to Ligeri's State-Law Claims.* [7]

As discussed earlier in this order, Ligeri's claims arise from litigation activities in *Ligeri I* or subsequent proceedings in arbitration or federal court. *See* Dkt. No. 23 at 12–18.  As such,

---

[7] UPEPA does not apply to federal claims. *See* WASH. REV. CODE § 4.105.010(3)(a)(xii).

UPEPA applies to these claims because they are based on communications in a judicial proceeding and/or communications on an issue under consideration or review in a judicial proceeding. WASH. REV. CODE § 4.105.060(1)(b).

    2. *Ligeri Has Failed to Show that UPEPA Does Not Apply to the State-Law Claims.*

    As mentioned earlier in this order, with respect to the second element required for a UPEPA dismissal, Ligeri bears the burden to show that a UPEPA exception applies. *See* WASH. REV. CODE § 4.105.010(3). He has not done so. *See* Dkt. No. 32. Although Ligeri does bring a claim for "fraud on the court," and UPEPA contains an exception for "common law fraud," Ligeri's complaint does not allege facts that would support a common law fraud claim. *See* WASH. REV. CODE § 4.105.010(3)(a)(viii).

    Ligeri's claim for fraud on the court alleges that Defendants submitted false information to the *Ligeri I* court in the form of the Parker declaration, regarding Ligeri's affirmative acceptance of the Amazon contract. *See* Dkt. No. 23 at 13–14. As noted earlier in the order, however, the *Ligeri I* court found that the Parker declaration was not sufficient to establish Ligeri's assent to the Amazon contract, which led the court to conduct a bench trial. After the trial, the court ultimately did not rely on the Parker declaration and nonetheless found that, even if, as Ligeri maintained, Ligeri did not check a box to affirmatively assent to the contract (as Parker stated), Ligeri was nonetheless bound by the terms of the Amazon contract, including the arbitration clause. *Ligeri I*, ECF No. 79 at 10, 16. This finding indicates that even if Ligeri is correct that Parker's declaration is false, the court did not rely on it. Without that reliance, Ligeri's "fraud on the court" claim cannot fall into the UPEPA exception for common law fraud. *See Sigman v. Stevens-Norton, Inc.*, 425 P.2d 891, 895 (Wash. 1967) (identifying the elements of a fraud claim, including the fraud victim's reliance on the truth of the false representation and consequent damage).

Accordingly, the Court finds that Ligeri has not met his burden to show that a UPEPA exception would apply, and therefore the second requirement for UPEPA dismissal has been satisfied. WASH. REV. CODE § 4.105.060(1)(b).

*3. The Claims in the FAC Fail.*

The Court will address each of Ligeri's claims to determine whether the third requirement for UPEPA dismissal has been satisfied, and/or whether dismissal under Rule 12(b)(6) is appropriate.

a.   *Perjury & Conspiracy to Obstruct Justice*

Although the FAC (Dkt. No. 23 at 12) lists a claim for perjury under 18 U.S.C. § 1621, "no private cause of action exists under 18 U.S.C. § 1621." *Presley v. Torrence*, No. C13-5040 BHS, 2013 WL 3148342, at *3 (W.D. Wash. June 19, 2013).

The FAC also brings a claim for conspiracy to obstruct justice against all Defendants (Dkt. No. 23 at 16), but cites no authority for the proposition that there is a private cause of action for such a claim under either federal or Washington law, and the Court is not aware of any such authority. *See, e.g.*, *Partman v. City of Seattle*, No. 2:22-cv-1788-RAJ, 2023 WL 184222, at *2 (W.D. Wash. Jan. 13, 2023) ("The federal obstruction of justice statute, 18 U.S.C. § 1503, is a criminal statute that prohibits an individual from influencing or injuring an officer of the court or juror and does not provide a civil cause of action for private individuals such as the Plaintiff.").

Thus, these two claims are not legally cognizable and therefore fail as a matter of law.

b.   *Fraud on the Court, Use of Perjured Testimony to Commit Fraud on the Court, & Conspiracy to Defraud the Court*

The FAC lists several claims related to fraud on the court (Dkt. No. 23 at 12–15), but there is no private right of action based on fraud on the court. *See Montez v. Chase Home Fin. LLC*, No. 3:18-cv-02899-BEN-LL, 2019 WL 1950388, at *2–3 (S.D. Cal. May 1, 2019). To the extent it

exists as a theory by which a litigant may seek relief from judgment, Ligeri must seek such relief in *Ligeri I*, rather than in this independent lawsuit.  *See, e.g.*, *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989).

Accordingly, the Court finds that Ligeri's claims related to fraud on the court fail to state a claim upon which relief can be granted.

c.  *Abuse of Process, Litigation Abuse, Defamation, Tortious Interference, & Intentional Infliction of Emotional Distress*

The FAC brings several claims that characterize Defendants' litigation activities in *Ligeri I* and subsequent related proceedings as abusive or tortious.  Dkt. No. 23 at 15–18.  These state-law claims fail as to the attorney Defendants under Washington law, which makes clear that "[n]o action may be brought against an attorney [for abuse of process] solely because of that attorney's representation of a party in a lawsuit."  WASH. REV. CODE § 4.24.350(3).

Moreover, all Defendants (whether attorneys, parties, and witnesses) are absolutely immune from liability for statements made in the course of a judicial proceeding, so long as those statements are pertinent to the litigation.  *See Young v. Rayan*, 533 P.3d 123, 128–29 (Wash. Ct. App. 2023) (affirming dismissal of defamation, false light, and civil conspiracy claims as barred by the litigation privilege).  The FAC itself alleges that the statements that form the basis of the litigation-related claims were pertinent to the issues litigated in *Ligeri I*, as that is how the alleged litigation abuse was accomplished.  Dkt. No. 23 at 15–18.  Because there is no "exception to the litigation privilege for statements made in an attempt to abuse and weaponize the legal process[,]" the Court finds that Ligeri's litigation-related claims fail as a matter of law.  *Young*, 533 P.3d at 126.

For all of these reasons, the Court finds that the FAC fails to state any valid claim, which satisfies either the third and final requirement for dismissal under UPEPA, or for dismissal under

Federal Rule of Civil Procedure 12(b)(6).

**C.    The Court Will Dismiss Ligeri's Claims Without Leave to Amend.**

When dismissing a complaint for failure to state a claim, a district court should generally grant leave to amend, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Courts have especially broad discretion to deny leave to amend where the plaintiff has already amended the complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Although UPEPA instructs courts to "dismiss with prejudice" failed claims, the applicable federal procedural rules apply to this case. *See Al-Albustani*, 2022 WL 3213331, at *6 n.4 (citing *Planned Parenthood*, 890 F.3d at 834).

Here, as the Court has explained, Ligeri has already amended his complaint and the claims in the FAC are either not legally cognizable or challenge conduct for which Defendants are absolutely immune from suit. Because amendment cannot overcome these deficiencies, the Court finds that permitting amendment would be futile. Thus, the Court exercises its discretion to dismiss Ligeri's claims with prejudice and without leave to amend.

**D.    Ligeri's Motion for Partial Summary Judgment Is Denied.**

Ligeri's motion requests a ruling as a matter of law that the Parker declaration is false. Dkt. No. 25. Ligeri has not, however, supported his motion with evidence that the Parker declaration is false, as required by Federal Rule of Civil Procedure 56(c)(1). Ligeri's briefing is not evidence and cannot support a Rule 56 motion. *See Al-Albustani*, 2022 WL 3213331, at *4 (citing *Smith v. Mack Trucks, Inc.*, 505 F.2d 1248, 1249 (9th Cir. 1974) ("Legal memoranda ..., in the summary-judgment context, are not evidence.")). Accordingly, the Court must deny Ligeri's motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

### III.    CONCLUSION

For the reasons explained in this order, the Court GRANTS Defendants' motion to dismiss (Dkt. No. 29), GRANTS IN PART and DENIES IN PART Plaintiff's motion to vacate (Dkt. No. 36), and DENIES Plaintiff's motion for partial summary judgment (Dkt. No. 25).  Because the Court dismisses this action, it DENIES AS MOOT Plaintiff's motion to invite amicus participation (Dkt. No. 22).

Because the Court grants Defendants' motion to dismiss certain claims (namely the abuse of process, litigation abuse, defamation, tortious interference, and intentional infliction of emotional distress claims) under UPEPA, Defendants are entitled to recover their attorney's fees and costs expended litigating those claims.  WASH. REV. CODE § 4.105.090(1).  Defendants may file a motion for an award of fees and costs no later than October 17, 2025.

Dated this 30th day of September, 2025.

Kymberly K. Evanson
United States District Judge