UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI,<br><br>                Plaintiff(s),<br>   v.<br><br>NATALIA PARKER, et al.,<br><br>                Defendant(s). | CASE NO. C25-0829-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STAY AND DENYING DEFENDANTS' FEES MOTION WITHOUT PREJUDICE |

After the Court granted Defendants' motion to dismiss under Washington's anti-SLAPP statute (the Uniform Public Expression Protection Act ("UPEPA")) and Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 37), and the Court denied Plaintiff's motion seeking reconsideration of that order (Dkt. No. 40), Plaintiff, proceeding *pro se*, filed a notice of appeal. Dkt. No. 41. The following week, Defendants filed a motion for an award of attorney's fees under UPEPA. Dkt. No. 43. Plaintiff then filed a motion to stay resolution of the fee motion pending his appeal, also stating that because Plaintiff has filed a lawsuit against the undersigned in the District of Rhode Island, the Court should recuse itself from this proceeding. Dkt. No. 46.

An award of attorney's fees necessarily follows when a court grants a special motion for expedited relief under UPEPA. *See* Wash. Rev. Code § 4.105.090. Plaintiff has not yet been ordered to pay such an award, however, and argues that the Court should stay consideration of Defendants' fee request because he lacks the ability to pay the fees requested and requiring him to

pay that award now would extinguish his ability to pursue his appeal. Dkt. No. 46. Defendants, on the other hand, contend that under Federal Rule of Civil Procedure 62(b), Plaintiff is required to post a bond to secure his obligation to Defendants if he wants to stay enforcement of any fee award. Dkt. No. 48 at 2.

Defendants' arguments in opposition to Plaintiff's stay motion address a scenario where a plaintiff was ordered to pay fees, *then* appealed, and requested that the district court stay enforcement of the fee award. *See* Dkt. No. 48. But here, Plaintiff's notice of appeal was filed before Defendants filed their fee petition, and the Court has not yet entered an order awarding fees. Under these circumstances, Rule 62(b) is not yet at issue because Plaintiff is not seeking to stay enforcement of an order already entered; he is asking the Court to hold off on entering the order in the first place.

The Court indeed has discretion to take such an action. Plaintiff's appeal does not deprive the Court of jurisdiction to resolve Defendants' motion for attorney's fees: the Court retains discretion to either rule on such a motion, defer ruling on the motion, or deny the motion without prejudice. *See* Fed. R. Civ. P. 54(d) (advisory committee's note on section (d)(2) to 1993 amendment of Rule 54). Here, the Court finds that the equities support a stay of further consideration of the fee issue until resolution of Plaintiff's appeal, given Plaintiff's limited financial resources. *See, e.g.*, *Flores v. Emerich & Fike*, No. 1:05-CV-0291 OWW DLB, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007) ("Plaintiffs are pro se litigants facing the possibility of having a large attorney's fee award entered against them under the Anti-SLAPP statute. … [F]airness suggests that Plaintiffs should be afforded an opportunity to immediately appeal the partial judgment in favor of [Defendants] *prior* to resolution of the attorney's fee petition."). Defendants have not argued that they would experience any hardship if the fee petition were not resolved until after the appeal. *See* Dkt. No. 48. Although they do emphasize that they will face

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STAY AND DENYING DEFENDANTS' FEES MOTION WITHOUT PREJUDICE - 2

difficulty in collecting any judgment from Plaintiff (*id*. at 3), they will likely face that difficulty now *or* later.  Plaintiff is cautioned, however, that continuing to pursue frivolous litigation in this court and others may only increase Plaintiff's financial exposure.

For these reasons, the Court GRANTS IN PART Plaintiff's motion to stay (Dkt. No. 46) and DENIES Defendants' fee petition (Dkt. No. 43) without prejudice to refiling after resolution of the appeal.

To the extent that Plaintiff's motion to stay contains a request for recusal on the grounds that Plaintiff filed a now-dismissed action against the undersigned in the District of Rhode Island (Dkt. No. 46 at 2), the Court DENIES this part of the motion.  *See Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) ("A judge is not disqualified merely because a litigant sues or threatens to sue him." (citation modified)), *rev'd on other grounds*, *Hoover v. Ronwin*, 466 U.S. 558 (1984).  The recusal request is, however, REFERRED to Chief Judge David Estudillo for further review, consistent with the local rules of this district.  Local Rules W.D. Wash. LCR 3(f).

Dated this 14th day of November, 2025.

*[signature: Kymberly K. Evanson]*

Kymberly K. Evanson
United States District Judge