UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>NATALIA PARKER et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:25-CV-00829-KKE<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 51) |

　　　　This matter comes before the Court on Judge Evanson's denial (Dkt. No. 51) of Plaintiff's motion to disqualify. (Dkt. No. 46.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Evanson's decision not to recuse.

　　　　Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

|   |   |
|---|---|
| 1 | bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive |
| 2 | from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL |
| 3 | 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). |
| 4 | Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a |
| 5 | reasonable person with knowledge of all the facts would conclude that the judge's impartiality |
| 6 | might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. |
| 7 | 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not |
| 8 | whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992). |
| 9 | After the Court granted Defendants' motion to dismiss (Dkt. No. 37), Plaintiff appealed |
| 10 | (Dkt. No. 41) and Defendants moved for $74,472.72 in attorney fees and costs.  (Dkt. No. 43.) |
| 11 | Plaintiff moved to stay the enforcement of any award of attorney fees and costs pending |
| 12 | resolution of his appeal.  (Dkt. No. 46.)  As part of Plaintiff's motion, Plaintiff moved to |
| 13 | disqualify Judge Evanson on the basis that he "has filed a related action in the United States |
| 14 | District Court for the District of Rhode Island…seek[ing] injunctive and declaratory relief |
| 15 | arising from alleged illegal conduct and corruption surrounding" the present proceedings.  (*Id*. at |
| 16 | 2.)  Plaintiff asserts that filing "places Plaintiff in direct litigation posture with Judge Kymberly |
| 17 | Evanson" and requires recusal.  (*Id*.)  Additionally, Plaintiff appears to question whether Judge |
| 18 | Evanson is real because he "hasn't even been able to face the tribunal."  (*Id*. at 5.) |
| 19 | Plaintiff's claim that the Rhode Island litigation disqualifies Judge Evanson is |
| 20 | unpersuasive.  "'[A] judge is not disqualified by a litigant's suit or threatened suit against [her].'" |
| 21 | *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, |
| 22 | 783 F.2d 934, 940 (9th Cir. 1986)).  Similarly, objections to a presiding judge's actions are |
| 23 | appropriate for appeal, not a motion for recusal.  *See Liteky v. United States*, 510 U.S. 540, 555 |
| 24 |   |

(1994). Moreover, any challenges to an award of attorney fees are premature because no motion has been ruled on by the Court. Lastly, the undersigned can assure Plaintiff that Judge Evanson is real; however, it is within Judge Evanson's discretion whether to decide a motion with or without oral argument. *See* LCR 7(b)(4).

       Accordingly, the Court AFFIRMS Judge Evanson's denial (Dkt. No. 51) of Plaintiff's motion to recuse (Dkt. No. 46).

       Dated this 17th day of November, 2025.

David G. Estudillo
United States District Judge